UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT MAJOR ROLLO,
Santa Rosa County Jail Inmate #00002407,
    Plaintiff,

vs.                                       Case No.: 3:20cv5817/LAC/EMT

SANTA ROSA SHERIFF'S OFFICE, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Santa Rosa County Jail proceeding pro se and in forma pauperis, commenced this case on September 2, 2020, by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Upon review of Plaintiff's Complaint, the court concludes this case should be dismissed as malicious for Plaintiff's abuse of the judicial process.

Because Plaintiff is a prisoner proceeding in forma pauperis, the court must review the Complaint and dismiss it if satisfied the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). A plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under §§ 1915(e)(2)(B)(i), 1915A(b)(1). *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935–36 (11th Cir. 2013) (unpublished) (dismissal of action without prejudice as malicious for abuse of judicial process warranted where inmate failed to disclose case he filed against prison officials just five months earlier and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); *Harris v. Warden*, 498 F. App'x 962, 964–65 (11th Cir. 2012) (unpublished) (dismissal of action without prejudice for abuse of judicial process warranted where inmate made no attempt to disclose prior cases in original or amended complaint); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132–33 (11th Cir. 2012) (unpublished) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process warranted where plaintiff failed to disclose

existence of one prior case and disclosed existence of another prior case but failed to disclose it was dismissed as frivolous, malicious, failing to state a claim, or prior to service); *Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (unpublished) (prisoner's failure to disclose previous lawsuit filed in district court while a prisoner constituted abuse of judicial process warranting sanction of dismissal of his pro se § 1983 action because prisoner's misrepresentation was not excused by explanation that he misunderstood the complaint form on which he represented, under penalty of perjury, that he had not filed any prior lawsuits with similar facts or otherwise relating to his imprisonment or conditions of confinement); *Shelton v. Rohrs*, 406 F. App'x 340, 340–41 (11th Cir. 2010) (unpublished) (affirming dismissal of action without prejudice for prisoner plaintiff's abuse of judicial process where plaintiff failed to disclose four previous civil actions; even if prisoner did not have access to his legal materials, he would have known that he had filed multiple previous lawsuits); *Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940–41 (11th Cir. 2010) (unpublished) (district court did not abuse its discretion when it sanctioned Florida prisoner proceeding in forma pauperis by dismissing his civil rights lawsuit *sua sponte* for not disclosing all information known to him regarding prior cases, even though prisoner could not

afford to pay copying and certification costs charged by Florida state courts and no longer had documents necessary to answer fully due to FDOC rule prohibiting possession of "excess legal material"); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (dismissal of pro se state inmate's § 1983 action as sanction for providing false answers to unambiguous questions on complaint form regarding prior lawsuits not an abuse of discretion, even though inmate conceded in objections to magistrate judge's report and recommendation that his disclosures were incomplete; to allow inmate to continue with suit would have served to overlook his abuse of judicial process).

In general, a dismissal without prejudice does not amount to an abuse of discretion. *See Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. *See Kotzen v. Levine*, 678 F.2d 140 (11th Cir. 1982).

Having conducted a thorough review, the court is satisfied this action is malicious and thus recommends dismissal under 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915A(b)(1). Section VIII of the complaint form requires Plaintiff to disclose

information regarding prior civil cases filed in state and federal court (ECF No. 1 at 8–11). The introduction to Section VIII contains the following advisory:

> ATTENTION: *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

(ECF No. 1 at 8).

Question A of Section VIII asks, "To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a 'strike'?" (ECF No. 1 at 9). Plaintiff responded "No" to this question (*id.*). Question C of Section VIII asks whether Plaintiff has filed any other lawsuit in federal court either challenging his conviction or otherwise relating to the conditions of his confinement (*id.* at 10). Plaintiff against responded "No" to this question (*id.*).

At the end of the civil rights complaint form, Plaintiff signed his name after the following certification: "I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct." (ECF No. 1 at 11–12). Plaintiff thus stated, in effect, that he had not had a case dismissed on the ground that it was frivolous, malicious, or failed to state a claim upon which relief may be

granted; and he had not initiated any other lawsuit in federal court that related to the conditions of his confinement.

As routinely recognized by this court, the information from the "Prior Litigation" section of the complaint form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, Case No. 3:00cv249/RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Further, because prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.

The court takes judicial notice of its own electronic docket.[1] According to the docket, Plaintiff commenced *Rollo v. Johnson, et al.*, 3:19cv4443/LAC/EMT, on November 3, 2019, by filing a civil rights complaint against the Santa Rosa County Sheriff and two members of the medical staff at the Santa Rosa County Jail, complaining that Defendants violated his civil rights by exposing him to unsanitary conditions at the Jail and failing to provide adequate medical treatment for an ear condition he developed allegedly as a result of his exposure to black mold. *See id.*, Complaint, ECF No. 1 (N.D. Fla. Nov. 7, 2019); Amended Complaint, ECF No. 8 (N.D. Fla. Jan. 28, 2020). Plaintiff identified himself as Santa Rosa County Jail Inmate #00002407, which is Plaintiff's inmate number in the instant case. *See id.* On April 20, 2020, the court dismissed the case for failure to state a claim upon

---

[1] Federal Rule of Evidence 201 permits a court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

Rollo is hereby advised that if he disputes the accuracy of the facts taken from the court's docket, or if he otherwise wishes to be heard on the propriety of the court's taking judicial notice of those facts, he must do so in an objection to this Report and Recommendation. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651–53 (11th Cir. 2020) (district court properly took judicial notice where petitioner had opportunity to object to report and recommendation after magistrate judge took judicial notice of dates from petitioner's state court dockets, but petitioner did not ask to be heard, dispute accuracy of judicially noticed facts, or indicate he lacked the ability to dispute state court dockets).

which relief may be granted, pursuant to § 1915(e)(2)(B)(ii).  *See id.*, Order, ECF No. 10 (N.D. Fla. Apr. 20, 2020).

The court has authority to control and manage matters such as this case pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court.  If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened.  The court will not tolerate false responses or statements in any pleading or motion filed before it.  Here, Plaintiff falsely responded to Questions A and C on the complaint form, as detailed above.  Plaintiff knew, or from reading the complaint form should have known, that disclosure of all prior action(s) was required, and that dismissal of the action may result from untruthful answers.  If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the complaint form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants.  Therefore, this court should not allow Plaintiff's false response to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause **without prejudice**.[2,3] *See Rivera*, 144 F.3d at 731 (dismissal of an action without prejudice as a sanction for a pro se prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, is proper); *Spires*, Case No. 3:00cv249/RH, Order (N.D. Fla. Oct. 27, 2000) ("Dismissal without prejudice is not too severe a sanction under these circumstances."). Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

---

[2] Providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuit which he failed to identify would equate to overlooking his abuse of the judicial process. *See Hood*, 197 F. App'x at 819. Amendment would not change the fact that Plaintiff failed to disclose all of the cases he was required to disclose, despite his knowledge that accurate disclosure of his litigation history on the complaint form was required.

[3] A dismissal without prejudice does not equate to a dismissal with prejudice due to a statute of limitations issue. The statute of limitations for claims under § 1983 is four years. *See Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (four-year statute of limitations for § 1983 claims for which Florida is the forum state). The conduct of which Plaintiff complains occurred approximately fifteen months prior to September 2, 2020, the day he filed his Complaint (*see* ECF No. 1 at 5, 13). He thus has more than adequate time to file another civil rights action.

Case No.: 3:20cv5817/LAC/EMT

Accordingly, it respectfully **RECOMMENDED**:

1. That this case be **DISMISSED WITHOUT PREJUDICE** as malicious, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915A(b)(1).

2. That the clerk enter judgment accordingly and close this case.

At Pensacola, Florida, this 19th day of March 2021.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**